Noel **CANTRELL**, Plaintiff-Respondent,

v.

**SUPERIOR LOAN COMPANY,**
Defendant,

**B.J. Lockwood and Estate of David Black, Deceased,**
Defendants-Appellants.

Nos. 45121, 45122.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 12, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied
Aug. 29, 1983.

Application to Transfer Denied
Oct. 18, 1983.

---

1. These documents are not part of the legal file.

against them for actual and punitive damages on plaintiff's petition based on common law fraud. The matter was before us in *Cantrell v. Superior Loan Corporation*, 603 S.W.2d 627 (Mo.App.1980) which contains an extensive review of the facts. The evidence admitted on retrial was largely the same as at the earlier trial except for those matters ruled inadmissible in our earlier opinion.

■ On this appeal defendants challenge the testimony that plaintiff "saw" Judge Black in the courthouse in Farmington one day. It is contended that allowing such testimony was contrary to the prohibitions of the Dead Man's Statute, 491.010 RSMo. 1978. Several answers are available to this contention. In the previous case we held plaintiff could not testify to his conversation with Judge Black and that "he was incompetent to the extent that his testimony might be subject to question by Black if Black were alive." This latter statement was based on the statute which is held to preclude testimony of acts and transactions which the deceased party could have denied. *Cantrell v. Superior Loan Corporation, supra* [44]. We doubt that plaintiff's testimony that he saw Black was contrary to that prohibition even in the face of the defense that Black was not in Farmington on that day. Plaintiff did not testify to any conversation or any action of Black. Additionally, the testimony was cumulative to that of plaintiff's wife and was not, on this record, prejudicial. Finally, an even earlier trial than that appealed from in our earlier case resulted in a mistrial. In that trial no objection was made to the testimony of Cantrell and his wife concerning conversations with Black, thereby waiving the statute for that trial and subsequent trials of the same matter. *Edwards v. Durham*, 346 S.W.2d 90 (Mo.1961) [4, 5].

■ Defendants also challenge Mrs. Cantrell's testimony concerning a conversation with Black. We held in our prior opin-

---

Michael Maynard, Flat River, for defendants-appellants.

Raymond Roberts, V. Kenneth Rohrer, Farmington, for plaintiff-respondent.

SMITH, Judge.

Defendants Lockwood [1] and Black appeal from a jury verdict and resultant judgment

---

1. Lockwood adopted Black's brief and filed no separate brief. The two major issues raised by Black apply to him alone.

ion that such testimony was admissible and that holding is the law of the case and binding here. Further, the waiver is equally applicable.

The remaining two issues involve discretionary rulings of the trial court in which we find no abuse. Further discussion of them would have no precedential value. Rule 84.16(b).

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.